IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION

| | |
|---|---|
| In re:<br><br>Michael A. Couch<br>Melissa A. Couch,<br><br>　　Debtors | CASE NO.　08-32763<br>Chapter 13<br><br>Judge:　　Lawrence S. Walter |

| | |
|---|---|
| Michael A. Couch<br>152 Weinland Drive<br>New Carlisle, OH 45344<br><br>Melissa Couch,<br>152 Weinland Drive<br>New Carlisle, OH 45344<br><br>　　Plaintiffs<br><br>　　-versus-<br><br>Property Asset Management, Inc.<br>399 Park Avenue 8th Floor<br>New York NY 10022<br><br>Ocwen Loan Servicing<br>12650 Ingenuity Drive<br>Orlando, FL 32826<br><br>Ocwen Financial Corporation<br>1661 Worthington Road, Suite 100<br>West Palm Beach, FL 33409<br><br>Jacqueline Bailey<br>Quality Control, Bankruptcy Department<br>OCWEN<br>12650 Ingenuity Drive<br>Orlando, FL 32826<br><br>Jeffrey Kellner, Chapter 13 Trustee<br>131 North Ludlow Street, Suite 900<br>Dayton, OH 45402<br><br>Steven Metzger, Clark County Treasurer<br>A.B. Graham Bldg., 31 N. Limestone St.<br>Springfield, OH 45502<br><br>　　Defendants | AP No.　_____<br><br><br><br><br><br><br><br>**COMPLAINT OF THE DEBTORS<br>FOR DECLARATORY JUDGMENT,<br>AND FOR DAMAGES REGARDING<br>VIOLATIONS OF TRUTH IN<br>LENDING ACT, A FALSE PROOF OF<br>CLAIM AND TO AVOID<br>MORTGAGE LIEN ON<br>RESIDENTIAL REAL PROPERTY** |

## INTRODUCTION

1.  This is an action brought by the Debtors/Plaintiffs (also called herein simply the "Debtors" or the "Plaintiffs") for a Declaratory Judgment, injunctive and equitable relief as provided for by Rules 2016(a), 3007, 7001(7) and 7001(9) of the Federal Rules of Bankruptcy Procedure ("Rules of Bankruptcy Procedure").

2.  This is also an action to determine the secured status of the Creditor Defendants (as identified below) in this case who claim to be secured creditors of the Plaintiffs, pursuant to Sections 105(a), 502(b)(1), 506 and 544(a) of the Bankruptcy Code and Rule 3007 of the Bankruptcy Rules, and to avoid the First Mortgage as identified hereinafter.

3.  This is also an action to determine the status of the Creditor Defendants as creditors in this case, seeking to declare them not to be creditors of the Plaintiffs in any respect.

4.  The Debtors also seek the recovery of actual and punitive damages, including reasonable attorney fees, from the Creditor Defendants and the Individual Defendant (as identified below) pursuant to Sections 362(a) and 105(a) of Title 11 of the United States Code commonly referred to as the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (hereinafter the "Bankruptcy Code") for filing a false and fraudulent proof of claim in violation of Section 501 of the Bankruptcy Code and Rules 3001(c) and 3001(d) of the Bankruptcy Rules.

5.  The Debtors also seek the recovery of actual, statutory and punitive damages and reasonable attorney fees, as appropriate, from the Creditor Defendants and the Individual Defendant on  Truth In Lending Act violations under 15 U.S.C. §1602.01 et. seq. and multiple common law grounds, including breach of contract, fraud, and conversion of property.

## JURISDICTION AND VENUE

6.  This is a core proceeding as that term is defined by Section 157(b)(2) of Title 28 of the United States Code in that it concerns claims and counter-claims to the Proof of Claim (as

identified in Paragraph 25 below) and matters arising out of the administration of this bankruptcy case and rights duly established under Title 11 of the United States Code and other applicable federal law.

7.   This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code and Section 157(b)(2) of Title 28 of the United States Code.

8.   Pursuant to 28 U.S.C. §157, the District Court has referred all bankruptcy cases and related proceedings to the bankruptcy judges of this District.

9.   Venue lies in this District pursuant to Sections 1391(b) and 1409 of Title 28 of the United States Code.

## PARTIES AND DEFINITIONS

10.   Michael A. Couch ("Mr. Couch" and/or "Debtor" and/or "Plaintiff") is a debtor under Chapter 13 of Title 11 of the United States Code in the base case in these proceedings.

11.   Melissa Couch ("Mrs. Couch" and/or "Debtor" and/or "Plaintiff") is a debtor under Chapter 13 of Title 11 of the United States Code in the base case in these proceedings.  Mr. Couch and Mrs. Couch are sometimes collectively called "Mr. and Mrs. Couch" or the "Debtors" or the "Plaintiffs" or the "Debtors/Plaintiffs."

12.   Jeffrey Kellner ("Chapter 13 Trustee" and/or "Mr. Kellner") is the standing panel trustee on behalf of the U.S. Trustee for the United States Bankruptcy Court for the Southern District of Ohio, Western Division, and thus the assigned trustee in Mr. and Mrs. Couch's Chapter 13 case.

13.   Defendant Property Asset Management, Inc. ("PAMI" or the "Purported Creditor") is a Delaware corporation, the principal business address of which is unknown to Plaintiffs. The mailing address of PAMI, as filed by PAMI with the United States Securities and Exchange Commission (the "SEC") at URL http://www.sec.gov/cgi-bin/browse-edgar?action=getcompany&CIK=0001265636&owner=exclude&count=40 is 399 Park

Avenue 8th Floor New York NY 10022.  According to the records of the Secretary of State of Ohio, PAMI is registered as a Delaware foreign corporation authorized to do business in Ohio.  Its registered agent in Ohio for receipt of notices and legal process is The Prentice-Hall Corporation System, Inc., 50 West Broad Street, Suite 1800, Columbus, OH 43215.

14.  Defendant Ocwen Loan Servicing, LLC ("Ocwen Servicing") is a Delaware corporation with its principal place of business presently at 12650 Ingenuity Drive, Orlando, FL 32826.  On its website at URL http://www.ocwencustomers.com/ci_contact.cfm?cont=1, OCWEN (as identified in Paragraph 16 below) instructs that legal process be sent to its registered agent Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.  According to the records of the Secretary of State of Ohio, Ocwen Loan Servicing, LLC is registered as a foreign corporation authorized to do business in Ohio.  Its registered agent in Ohio for receipt of notices and legal process is CSC-Lawyers Incorporating Service (Corporation Service Company), 50 West Broad Street, Suite 1800, Columbus, OH 43215.

15.  Defendant Ocwen Financial Corporation ("Ocwen Financial") is a Delaware corporation with its principal place of business presently at 1661 Worthington Rd., Suite 100, West Palm Beach, Florida 33409.  On its website at URL http://www.ocwencustomers.com/ci_contact.cfm?cont=1, OCWEN (as identified in Paragraph 16 below) instructs that legal process be sent to its registered agent Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.  According to the records of the Secretary of State of Ohio, Ocwen Financial Corporation is NOT registered or authorized to do business in Ohio.

16.  Ocwen Servicing and Ocwen Financial are collectively called "OCWEN" in this pleading.  Based on a variety of online information, Plaintiffs believe and therefore allege that Ocwen Financial is a holding company or otherwise is the owner of Ocwen Servicing, and that Ocwen Servicing operates under the control or direction of Ocwen Financial.  Ocwen Financial and Ocwen Servicing appear to commingle their public identities.  For instance, their common corporate website is at URL http://www.ocwen.com bears a copyright by Ocwen Financial Corporation, but lists "Ocwen Loan Servicing" at the top.  The links on

this home website direct viewers to URL https://www.ocwencustomers.com/home.cfm for Mortgage Customers, to URL http://www.ocwenbusiness.com/contact.cfm for Business Services, to URL http://www.cfonews.com/ocn/ocnmap.htm for Shareholder Relations, and URL http://www.ocwen.com/reo/home.cfm for Properties for Sale.  All of these related websites bear a copyright by Ocwen Financial Corporation, and all (except the Properties for Sale website) bear the same logo identifying only "OCWEN" in the upper left corner. All of these related websites have a "Return to Ocwen Homepage" link at the bottom, clicking which returns the viewer to URL http://www.ocwen.com.  Pending identification through discovery of the "OCWEN" listed on the Proof of Claim, Plaintiffs have brought this Adversary Proceeding against Ocwen Servicing and Ocwen Financial as the two most likely Ocwen entities, have identified them in the pleading by the common name "OCWEN," and have alleged all claims against them jointly and severally.

17. Based upon the statements in the Proof of Claim, Plaintiffs believe and therefore allege that OCWEN is a loan servicer for the Purported Creditor.

18. The "Individual Defendant" is Jacqueline Bailey, who signed the Proof of Claim as a representative or officer of "Quality Control, Bankruptcy Department."  The Proof of Claim fails to identify the entity for which she signed the Proof of Claim in that capacity.  The Proof of Claim states that notices to the Purported Creditor shall be sent to "OCWEN, ATTN: Bankruptcy Department."  Based upon that statement, and pending discovery, Plaintiffs believe and therefore allege that the Individual Defendant is an officer or employee of OCWEN, who may be served at OCWEN's business address at 12650 Ingenuity Drive, Orlando, FL 32826.

19. The "Creditor Defendants" are all of the Defendants other than the Chapter 13 Trustee and the Individual Defendant, namely: the Purported Creditor, Ocwen Servicing, and Ocwen Financial.

20. The personal residence of Plaintiffs is the residential real property commonly known as 152 Weinland Drive, New Carlisle, OH 45344 (the "Debtors' Residence"), to which Plaintiffs have fee simple title as alleged below.

## **THE BASE CASE**

21. Debtors/Plaintiffs originally commenced this case under Chapter 13 of Title 11 of the
United States Code by filing a petition with the Clerk of this Court on June 5, 2008. On or
about June 8, 2008, the Bankruptcy Noticing Center notified all creditors and interested
parties, including the Creditor Defendants, of Debtors' bankruptcy case.

22. An Order for Relief under the provisions of Chapter 7 of the Bankruptcy Code was duly
entered by this Court upon the filing of the petition. This order served to invoke the
provisions of Section 362(a) of the Bankruptcy Code.

23. The 341(a) meeting of creditors pursuant to the Chapter 13 petition was held on July 30,
2008 in Dayton, Ohio.

24. An Order Confirming Chapter 13 Plan was entered on or about September 18, 2008.

25. On or about June 13, 2008, a sworn proof of claim was filed with this Court (the "Proof of
Claim"), which was duly docketed by the Clerk of this Court and was assigned Claim
Number 1-1. The Proof of Claim was filed by the Individual Defendant, identified as
"Jacqueline Bailey, Quality Control, Bankruptcy Department," but without any
identification of the entity for which the Individual Defendant was an employee or
representative, and without attaching a power of attorney or other evidence of authority to
file the Proof of Claim. The creditor identified on the Proof of Claim was "Property Asset
Management, Inc." (the "Purported Creditor"); but the entity to which notices are to be sent
was identified as "OCWEN ATTN: Bankruptcy Department, and the entity to which
payments are to be sent was identified as OCWEN ATTN: Cashiering Department." The
instructions on the back of Local Form B 10 (Official Form 10, as revised 12/08) (herein
"Form 10") instruct the filer regarding signature and identity as follows:

> "Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's
> address and telephone number if it differs from the address given on the top of the form for purposes of
> receiving notices. Attach a complete copy of any power of attorney."

Individual Defendant Jacqueline Bailey failed to indicate her title and employer or principal, other than to include a general reference to "Quality Control, Bankruptcy Department." By not stating her address, she asserted it was the same as those set forth on the Proof of Claim regarding sending notices, namely: "OCWEN, ATTN: Bankruptcy Department, 12650 Ingenuity Drive, Orlando, FL 32826." By not stating her telephone number, she asserted that it was the same as that set forth on the Proof of Claim regarding sending notices. However, the telephone numbers both regarding sending notices and regarding payments were omitted from the Proof of Claim.

26.   The Proof of Claim alleged that the Purported Creditor was a secured creditor of Plaintiffs by virtue of a mortgage loan identified by either the Purported Creditor or OCWEN as account no. xxxx-9521 and based upon a certain promissory note (the "Purported Note") and mortgage (the "Purported Mortgage"), and that by virtue of that promissory note and mortgage the Purported Creditor had a mortgage lien upon the Debtors' Residence. The Proof of Claim alleged that the amount due to the Purported Creditor as of the date the Chapter 13 case was filed was $91,326.36, that this entire amount was secured on the Debtors' Residence, but that the value of the Debtors' Residence was only $72,500.00.

27.   The documents attached to the Proof of Claim in support thereof consist solely of (a) an Exhibit A entitled "ITEMIZATION OF CLAIM" which in fact seeks to show not the derivation of the entire amount claimed in the Proof of Claim but only a summary of the purported arrearage of $40,670.48 plus a claim of $715.28 for post-petition payment; (b) an Exhibit B entitled "Payoff Information" listing summary category amounts without underlying calculation; (c) an Exhibit C entitled "Pre-Petition Fee, Costs & Property Preservation Expenses Breakdown" listing a variety of charges without dates or other identifying information; (d) a copy of pages 1 of 5 and 5 of 5 of a document entitled 'OPEN-END MORTGAGE" that purports to be a mortgage from Plaintiffs to "BNC MORTGAGE, INC., A DELAWARE CORPORATION," but which obviously does not contain the entire contents of that purported mortgage and does not include the legal description of the subject property; and (e) a copy of pages 1 of 3 and 3 of 3 of a document entitled "ADJUSTABLE RATE NOTE" that purports to be a promissory note from Plaintiff Michael A. Couch as promissor to BNC MORTGAGE, INC., A DELAWARE

CORPORATION as promissee, but which obviously does not contain the entire contents of that purported promissory note.

28. The Proof of Claim did not have attached thereto "redacted copies documenting the existence of the debt and of any lien securing the debt" as required by Instruction No. 7 on the back of Form 10.  Specifically, the Proof of Claim fails to include any documents evidencing that the Purported Creditor is both the holder of a promissory note and also the assignee of a mortgage securing that note, which mortgage created a lien upon Debtors' Residence.  The Proof of Claim also failed to include copies of any documentation allegedly granting OCWEN legal authority to act for the Purported Creditor or for any other person or entity.  The Proof of Claim failed to include copies of any documentation identifying the principal for which the Individual Defendant acted in signing the Proof of Claim, or documenting her authority to do so.  Accordingly, the Proof of Claim included no documents supporting the claim that the Purported Creditor is even a creditor of Plaintiffs, much less a secured creditor.

29. On or about June 22, 2009 Plaintiffs filed an Objection to the Proof of Claim.  On or about July 22, 2009, Ocwen Servicing filed a Response to that Objection, in which Ocwen Servicing requested a hearing and represented that it would have appropriate documentary evidence by the time of that hearing.

30. Plaintiff Michael A. Couch acquired a fee simple interest in the Debtors' Residence by virtue of a general warranty deed (the "First Deed") granting title to "Michael A. Couch and Kimberly L. Couch, Husband and Wife" recorded on November 20, 1989 in Volume 854, Page 354 of the Official Records of the Recorder of Clark County, Ohio (the "Recorder"); and by virtue of a quitclaim deed (the "Second Deed") from "Kimberly L. Couch, Unmarried, Former Wife of Grantee" to "Michael A. Couch, Former Husband of Grantor" recorded on June 27, 1997 in Volume 859, Page 337 of the Official Records of the Recorder of Clark County, Ohio.

31. Plaintiff Melissa Couch does not hold legal title to an interest in the Debtors' Residence, but does have a dower interest.

32.    The Plaintiffs listed on Schedule D to their Chapter 13 petition a disputed debt to "Ocwen Loan Servicing" (with notice to PAMI and others) in the amount of $85,370.00 relating to an alleged first mortgage on the Debtors' Residence.

33.    The Plaintiffs also listed on Schedule B to their Chapter 13 petition a claim against "Ocwen Federal Bank, FSB" in the amount of at least $24, 837.57 for improper loan servicing and related matters.  Ocwen Federal Bank, FSB appears to have been merged into Ocwen Servicing or Ocwen Financial.

34.    Plaintiffs disputed and dispute this alleged first mortgage debt and the related Proof of Claim, in that Plaintiffs deny that the Purported Creditor or any of the Creditor Defendants were or are the holders of a valid, and enforceable secured claim against property of the bankruptcy estate, specifically a mortgage lien against the Debtors' Residence.

35.    Plaintiffs also disputed and dispute this alleged debt and the Proof of Claim, in that Plaintiffs deny that either the Purported Creditor or any of the Creditor Defendants were or are the holders of a valid and enforceable promissory note under which Mr. Couch was or is obligated or which is secured by a mortgage lien upon the Debtors' Residence.

36.    Plaintiffs also disputed and dispute this alleged debt and the Proof of Claim, in that even if there were a holder of a valid and enforceable first mortgage lien upon Debtors' Residence, the Proof of Claim includes a variety of incorrect, impermissible and possibly fraudulent or predatory component amounts.

37.    Plaintiffs also disputed and dispute this debt and the Proof of Claim, in that even if the Proof of Claim were otherwise valid, Plaintiffs have substantial so-called predatory lending claims potentially recoverable against one or more of the Creditor Defendants, either directly, by recoupment or otherwise.

38.    The Proof of Claim contains what appear to be unredacted account or identifying numbers for the alleged account or accounts of Plaintiffs with the Purported Creditor and/or OCWEN, and with BNC Mortgage, Inc. ("BNC") as lender.  These apparently unredacted

identifying numbers appear on the face of the Proof of Claim, in Exhibit C attached thereto, and on the alleged promissory note and mortgage fragments attached thereto.

39. As referenced in ¶37 herein, Plaintiff's were subject to predatory lending practices by BNC and its agents as the originator of the note and mortgage.

40. Plaintiff's on or about April 1998 were contacted by a representative of BNC to refinance the Debtors' Residence.

41. Plaintiffs entered into a refinancing mortgage and loan agreement ("Loan") with BNC with the origination and closing of the agreement occurring on May 14, 1998 ("Closing Date").

42. On Plaintiff's best knowledge and belief they were told they were receiving a fixed interest rate loan for a term of 30 years with a monthly payment of $478.87 for principal and interest.

43. Although never disclosed to Plaintiffs either at the Closing Date or before or after  that date, that the Loan was in fact a 30 year adjustable or variable interest rate ("ARM") loan that provided for a fixed interest rate for the first two years at 9.8% and that would after the two years adjust every six months based upon the then current Wall Street Journal Money Rate interest rate plus an index percentage of 5.75%.  The terms further provided that the interest rate would never go below 9.8%.

44. The Loan was secured by a mortgage also held by BNC.

45. To Plaintiffs best knowledge and belief they never understood nor were told or provided any information by anyone at the closing either through documents or verbally on the Closing Date that the interest rate would adjust after 2 years.

46.  The loan closing transaction was completed in less than 1 hour and Plaintiffs were provided no reasonable opportunity to read or review any of the loan documents and had to rely on the statements of the closing agent.

47. No documents received by Plaintiffs either before, at, or after closing that included a disclosure of variable interest rates or a Consumer Handbook on Adjustable Rate Mortgages or a Settlement Cost and Helpful Information Book.

48. The provisions of the Truth In Lending Act ("TILA") and its supplementing regulations, 15 U.S.C. §1637a(a)(2) and §1638(b)(2) as implemented by Regulation Z, 12 CFR §226.19(b)(1), require a disclosure of ARM information 3 days prior to closing date  and at least by the Closing Date.

49. Plaintiff's learned that their loan documents contained ARM terms only after meeting with housing counselors in Clark County Ohio more than 5 years after the origination of the Loan.

50. Subsequent to the origination of the Loan, BAC purportedly transferred, sold or assigned the purported Note and the purported Mortgage to other financial entities and allegedly to PAMI although Plaintiffs have never been advised as to anyone besides BAC as being the holder, owner or assignee of the Note and Mortgage.

51. On Plaintiffs' best information and belief the Loan files provided to any purported subsequent holder or owner of the Note and Mortgage would contain the required ARM notices and disclosures as required by TILA.

52. Based on Plaintiffs' best knowledge and belief, any purported subsequent Note and Mortgage holder or owner of the Loan who performed due diligence in acquiring the Note or Mortgage or both was on actual or constructive notice from the Loan documents required to be in the Loan file that the ARM disclosures were not provided.

53. Any purported  subsequent assignee, holder, or owner of the Note and Mortgage is liable for the actions of BNC as to the stated TILA violation regarding the ARM non-disclosures pursuant to 15 U.S.C. § 1641(a) since PAMI or its agent  was or should have been aware of the non-compliance with ARM TILA requirements through due diligence in reviewing the Loan file documents.

54.   PAMI is a creditor who regularly extends consumer credit payable by written agreement in
      more than four installments for which a finance charge is imposed and which agreements
      and credit are subject to the provisions of TILA.

## ADVERSARY COMPLAINT

**COUNT 1 – FRIVOLOUS/FALSE/FRAUDULENT CLAIM – NO DOCUMENTATION OF OBLIGATION.**

55.   Plaintiffs incorporate each of the foregoing Paragraphs of this pleading as if fully rewritten
      herein.

56.   Bankruptcy Rule 3001(c) provides: "When a claim, or an interest in property of the debtor
      securing the claim, is based on a writing, the original or a duplicate shall be filed with the
      proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of
      the loss or destruction shall be filed with the claim."

57.   To implement Bankruptcy Rule 3001(c), Item 7 on the face of Form 10 instructs the filer as
      follows: "**7. Documents:** Attach redacted copies of any documents that support the claim,
      such as promissory notes, purchase orders, invoices, itemized statements of running
      accounts, contracts, judgments, mortgages, and security agreements.  You may also attach a
      summary.  Attach redacted copies of documents providing evidence of perfection of a
      security interest.  You may also attach a summary. (See instruction 7 and definition of
      "redacted" on reverse side.)"

58.   Instruction 7 on the reverse side of Form 10 provides, in pertinent part: "**7. Documents:**
      Attach to this proof of claim form redacted copies documenting the existence of the debt
      and of any lien securing the debt. You may also attach a summary.  You must also attach
      copies of documents that evidence perfection of any security interest. You may also attach a
      summary. FRBP 3001(c) and (d)."

59.   Item 2 of the Proof of Claim states that the basis for the debt is "money loaned," but the
      Individual Defendant attached allegedly on behalf of the Creditor Defendants documents
      purporting to establish a perfected mortgage loan and lien – an obligation based upon

particular written documents, not simply "money loaned."  The Creditor Defendants and Individual Defendant do not appear to allege an informal oral loan of money.  Rather, they base their claim upon a purported written promissory note secured by a mortgage instrument.  The statement of basis for the debt in Item 2 is consequently false on its face.

60. The copy of the promissory note the Individual Defendant allegedly attached to the Proof of Claim on behalf of the Creditor Defendants was on its face, however, only a partial and incomplete document.  Only the first and last pages of the alleged promissory note are attached.  This partial document appears to be insufficient under the Federal Rules of Evidence to establish the terms and conditions of the Purported Note or the loan evidenced thereby.  The Proof of Claim consequently fails to have attached "… documents that support the claim, such as promissory notes," or "redacted copies documenting the existence of the debt."

61. Since the promissee of the partial promissory note attached to the Proof of Claim is "BNC Mortgage, Inc., a Delaware corporation," even if all its pages were attached, that promissory note would not establish that Plaintiffs owe the Purported Creditor (or any of the Creditor Defendants) any amount whatsoever.

62. There are no documents attached to the Proof of Claim showing that the alleged promissory note was properly negotiated to the Purported Creditor.

63. The Proof of Claim thus fails to establish that the Debtors/Plaintiffs owe the stated promissee of the alleged promissory note (much less the Purported Creditor or any other creditor) any amount on any promissory note, or any other basis for the alleged debt.

64. The Proof of Claim is consequently fatally defective as to establishing any obligation of Plaintiffs, and is a false and fraudulent filing.

65. The Proof of Claim fails to comply with the requirements of Bankruptcy Rule 3001(c) and Form 10.

66. The Individual Defendant knew or should have known at the time she filed the Proof of
Claim that it was fatally defective and did not comply with the requirements of Bankruptcy
Rule 3001(c) and Form 10.

67. The Creditor Defendants knew or should have known at the time the Proof of Claim was
filed that it was fatally defective and did not comply with the requirements of Bankruptcy
Rule 3001(c) and Form 10.

68. As result, the Proof of Claim should be disallowed, and the Creditor Defendants should be
determined <u>NOT</u> to be creditors of the Debtors/Plaintiffs.

69. Plaintiffs believe and therefore allege that the actions of the Individual Defendant and the
Creditor Defendants in filing the Proof of Claim were willful, wanton, malicious, or
undertaken with reckless disregard for the truth or for the Bankruptcy Rules or the Rules of
this Court.

70. Plaintiffs have incurred damages in defending against the Proof of Claim, and otherwise
with respect to the Proof of Claim.

71. Plaintiffs are entitled to recover their damages, punitive damages, sanctions, and reasonable
attorney fees.

**COUNT 2 – FRIVOLOUS/FALSE/FRAUDULENT CLAIM – NO DOCUMENTATION OF LIEN.**

72. Plaintiffs incorporate each of the foregoing Paragraphs of this pleading as if fully rewritten
herein.

73. Bankruptcy Rule 3001(d) provides: "If a security interest in property of the debtor is
claimed, the proof of claim shall be accompanied by evidence that the security interest has
been perfected."

74. Item 4 of the Proof of Claim states that the debt is secured by real estate, with the real estate
identified by the address of the Debtors' Residence.

75. The Individual Defendant attached allegedly on behalf of the Creditor Defendants a partial copy of a mortgage document purporting to establish that the Purported Creditor has a perfected security interest in the Debtors' Residence.

76. The copy of the mortgage instrument the Individual Defendant attached to the Proof of Claim on behalf of the Creditor Defendants was on its face, however, only a partial and incomplete document. Only the first and last pages of the alleged mortgage are attached. The Proof of Claim consequently fails to have attached "… documents that support the claim, such as … mortgages," or "redacted copies documenting the existence … of any lien securing the debt," or "evidence that the security interest has been perfected."

77. Since the mortgagee of the partial mortgage instrument attached to the Proof of Claim is "BNC Mortgage, Inc., a Delaware corporation," even if all its pages were attached, that mortgage would not establish that the Purported Creditor (or any of the Creditor Defendants) had any security interest whatsoever in the Debtors' Residence.

78. There are no documents attached to the Proof of Claim showing that the alleged mortgage was properly assigned to the Purported Creditor.

79. Even if the Debtors/Plaintiffs did owe some amount on the alleged promissory note, the Proof of Claim thus fails to establish that there is a perfected security interest in the Debtors' Residence in favor of the Purported Creditor or any other creditor, and is a false and fraudulent filing.

80. The Proof of Claim fails to comply with the requirements of Bankruptcy Rule 3001(d) and Form 10.

81. The Individual Defendant knew or should have known at the time she filed the Proof of Claim that it was fatally defective and did not comply with the requirements of Bankruptcy Rule 3001(d) and Form 10.

82. The Creditor Defendants knew or should have known at the time the Proof of Claim was filed that it was fatally defective and did not comply with the requirements of Bankruptcy Rule 3001(d) and Form 10.

83. The assertion in the Proof of Claim that the Purported Creditor has a perfected security interest in the Debtors' Residence was consequently false.

84. As result, the Proof of Claim should be disallowed; and, even if the Court determines that Plaintiffs owe the Purported Creditor some amount, the alleged security interest in the Debtors' Residence asserted in the Proof of Claim should be avoided, and the Court should determine that any such amount owed is a general unsecured debt.

85. Plaintiffs believe and therefore allege that the actions of the Individual Defendant and the Creditor Defendants in filing the Proof of Claim were willful, wanton, malicious, or undertaken with reckless disregard for the truth or for the Bankruptcy Rules or the Rules of this Court.

86. Plaintiffs have incurred damages in defending against the Proof of Claim, and otherwise with respect to the Proof of Claim.

87. Plaintiffs are entitled to recover their damages, punitive damages, sanctions, and reasonable attorney fees.

**COUNT 3 – FRIVOLOUS/FALSE/FRAUDULENT CLAIM – NO DOCUMENTATION OF AUTHORITY.**

88. Plaintiffs incorporate each of the foregoing Paragraphs of this pleading as if fully rewritten herein.

89. Bankruptcy Rule 3001(b) provides, in pertinent part: "A proof of claim shall be executed by the creditor or the creditor's authorized agent…."

90. Regarding date and signature of a proof of claim, Instruction No. 7 of Form 10 provides: "The person filing this proof of claim must sign and date it.  FRBP 9011.  If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature.  In that regard, Form 10 states: "Print the name and title, if any, of the creditor or other person authorized to file this claim.  State the filer's address and telephone number if it differs from the address given on the top of the form for

purposes of receiving notices.  Attach a complete copy of any power of attorney.  <u>Criminal penalties apply for making a false statement on a proof of claim</u>."  (emphasis added)

91.  The Proof of Claim contains no statement or documentation that the Purported Creditor has any authority to act on behalf of BNC Mortgage, Inc. or any other person or entity.

92.  The Proof of Claim contains no statement or documentation that OCWEN has any authority to act on behalf of the Purported Creditor, BNC Mortgage, Inc. or any other person or entity.

93.  The Proof of Claim contains no documentation that the Individual Defendant has any authority to act on behalf of the Purported Creditor, OCWEN, BNC Mortgage, Inc. or any other person or entity.  At most there is a recitation that the Individual Defendant is somehow associated with "Quality Control, Bankruptcy Department"; but there is no statement or documentation of with whose bankruptcy department she might be associated, or what her title might be, or what authority she might have.

94.  Plaintiffs believe and therefore allege that the actions of the Individual Defendant and the Creditor Defendants in failing to document any authority for filing the Proof of Claim were willful, wanton, malicious, or undertaken with reckless disregard for the truth or for the Bankruptcy Rules or the Rules of this Court.

95.  Plaintiffs have incurred damages in defending against the Proof of Claim, and otherwise with respect to the Proof of Claim.

96.  Plaintiffs are entitled to recover their damages, punitive damages, sanctions, and reasonable attorney fees.

**<u>COUNT 4 – FALSE STATEMENTS OF BASIS FOR AND AMOUNT OF SECURED CLAIM.</u>**

97.  Plaintiffs incorporate each of the foregoing Paragraphs of this pleading as if fully rewritten herein.

98.  Item No. 4 of the Proof of Claim states that the basis for perfection is simply "secured."

99.  This statement of basis for perfection is insufficient (especially in view of the instructions to attach documents evidencing perfection).  It is impossible to tell from the statement whether the Proof of Claim asserts a mortgage lien, mechanic's lien, judgment lien, tax lien, or some other secured interest.

100.  Documents evidencing perfection are NOT attached to the Proof of Claim.

101.  Item No. 4 of the Proof of Claim also states that the Amount of Secured Claim is $91,396.36, that the Amount Unsecured is $0.00, and that the Value of Property is $72,500.00.  These statements, taken together, are false on their face.

102.  The definitions in the instructions on the back of Form 10 define a secured claim as follows:

> **Secured Claim Under 11 U.S.C. §506(a)**  A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. <u>The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim</u>. Examples of liens on property include a mortgage on real estate or a security interest in a car.  (emphasis added)

103.  The statement in the Proof of Claim of the Amount of Secured Claim is therefore patently false because it ignores and fails to comply with the requirements of the Bankruptcy Rules and Form 10.  The Amount of Secured Claim cannot exceed the value of the purported secured property – alleged on the Proof of Claim to be $72,500.00 – leaving a balance of $18,896.36 unsecured.

104.  Plaintiffs believe and therefore allege that the actions of the Individual Defendant and the Creditor Defendants in failing to document a basis for perfection and in making a false statement of the Amount of Secured Claim were willful, wanton, malicious, or undertaken with reckless disregard for the truth or for the Bankruptcy Rules or the Rules of this Court.

105.  Plaintiffs have incurred damages in defending against the Proof of Claim, and otherwise with respect to the Proof of Claim.

106. Plaintiffs are entitled to recover their damages, punitive damages, sanctions, and reasonable attorney fees.

**COUNT 5 – UNDOCUMENTED INTEREST OR CHARGES.**

107. Plaintiffs incorporate each of the foregoing Paragraphs of this pleading as if fully rewritten herein.

108. In Item No. 1 of the Proof of Claim, the box is checked stating that the claim includes interest or other charges in addition to principal.

109. The Proof of Claim fails to attach an itemized statement of interest or charges as instructed.

110. Exhibit A to the Proof of Claim is entitled "ITEMIZATION OF CLAIM," but in fact is only a summary only of the arrearage claim.  The chart included in Exhibit A purports to calculate past due interest; but the calculated result column is labeled "P&I" (Principal and Interest).  Using the total of that column to state interest due (even if only with respect to the claimed arrearage) would thus result in overstatement of interest and double payment of the principal portion of each listed amount.

111. Exhibit B to the Proof of Claim, entitled "Payoff Information," contains only five summary totals of categories of items claimed, without any documentation of how those summary totals were calculated.  Even the principal amount claimed is undocumented without a complete life-of-loan history to determine what debits and credits resulted in the remaining principal balance claimed, and the propriety of each of those debits and credits and the calculation.

112. Exhibit C to the Proof of Claim is entitled "Pre-Petition Fee, Costs & Property Preservation Expenses Breakdown."  This lists a variety of charges, but without any dates or documentation as to the purpose and appropriateness of any of the line items.  Allegations relating to each of the categories of expenses listed on Exhibit C are set forth in subsequent Counts of this pleading.

113. Plaintiffs believe and therefore allege that the actions of the Individual Defendant and the Creditor Defendants in failing properly to document claimed interest and charges were willful, wanton, malicious, or undertaken with reckless disregard for the truth or for the Bankruptcy Rules or the Rules of this Court.

114. Plaintiffs have incurred damages in defending against the Proof of Claim, and otherwise with respect to the Proof of Claim.

115. Plaintiffs are entitled to recover their damages, punitive damages, sanctions, and reasonable attorney fees.

**COUNT 6 – UNDOCUMENTED FORECLOSURE COSTS.**

116. Plaintiffs incorporate each of the foregoing Paragraphs of this pleading as if fully rewritten herein.

117. Exhibit C attached to the Proof of Claim states that the total claim includes foreclosure costs in the aggregate amount of $3,190.00, consisting of multiple debits in various amounts.

118. However, there are no documents attached to the Proof of Claim supporting such fees and charges or expenses, or confirming by date what charges might be prepetition or postpetition.

119. In addition, the attachments to the Proof of Claim fail to include all agreements between the claimants and their lawyers, any time and expense records of the attorneys for the claimants, the source of compensation already paid or promised, the amount of compensation already paid and by whom it was paid; further fails to identify if any compensation received has been shared and whether an agreement or understanding exists between the claimants and their attorneys and another other entity for the sharing of compensation received or to be received; and further fails to identify if any fees charged were refunded in whole or in part.

120. As a result, the Plaintiffs allege that all such fees and charges are unreasonable per se.

121. Form 10 expressly requires a party filing a Proof of Claim to attach "redacted copies of any documents that support the claim."  To the extent that no documents are filed in support of the fees, expenses, charges or costs identified in this Count 6, the Proof of Claim fails to comply with the Bankruptcy Rules and the Rules of this Court; and all such fees, expenses, charges or costs are unreasonable per se and should be disallowed.

122. Plaintiffs believe and therefore allege that the actions of the Individual Defendant and the Creditor Defendants in failing properly to document the items identified in this Count 6 were willful, wanton, malicious, or undertaken with reckless disregard for the truth or for the Bankruptcy Rules or the Rules of this Court.

123. Plaintiffs have incurred damages in defending against the Proof of Claim, and otherwise with respect to the Proof of Claim.

124. Plaintiffs are entitled to recover their damages, punitive damages, sanctions, and reasonable attorney fees.

**COUNT 7 – UNDOCUMENTED BANKRUPTCY COSTS.**

125. Plaintiffs incorporate each of the foregoing Paragraphs of this pleading as if fully rewritten herein.

126. Exhibit C attached to the Proof of Claim states that the total claim includes bankruptcy costs in the aggregate amount of $225.00, consisting of two debits in differing amounts.

127. However, there are no documents attached to the Proof of Claim supporting such fees and charges or expenses, or confirming by date what charges might be prepetition or postpetition.

128. In addition, if any of these "bankruptcy costs" consist of attorney fees, the attachments to the Proof of Claim fail to include all agreements between the claimants and their lawyers, any time and expense records of the attorneys for the claimants, the source of compensation already paid or promised, the amount of compensation already paid and by whom it was paid; further fails to identify if any compensation received has been shared and whether an

agreement or understanding exists between the claimants and their attorneys and another
other entity for the sharing of compensation received or to be received; and further fails to
identify if any fees charged were refunded in whole or in part.

129.  As a result, the Plaintiffs allege that all such fees and charges are unreasonable per se.

130.  Form 10 expressly requires a party filing a Proof of Claim to attach "redacted copies of any
documents that support the claim."  To the extent that no documents are filed in support of
the fees, expenses, charges or costs identified in this Count 7, the Proof of Claim fails to
comply with the Bankruptcy Rules and the Rules of this Court; and all such fees, expenses,
charges or costs are unreasonable per se and should be disallowed.

131.  Plaintiffs believe and therefore allege that the actions of the Individual Defendant and the
Creditor Defendants in failing properly to document the items identified in this Count 7
were willful, wanton, malicious, or undertaken with reckless disregard for the truth or for
the Bankruptcy Rules or the Rules of this Court.

132.  Plaintiffs have incurred damages in defending against the Proof of Claim, and otherwise
with respect to the Proof of Claim.

133.  Plaintiffs are entitled to recover their damages, punitive damages, sanctions, and reasonable
attorney fees.

**COUNT 8 – UNDOCUMENTED PROPERTY INSPECTION FEES.**

134.  Plaintiffs incorporate each of the foregoing Paragraphs of this pleading as if fully rewritten
herein.

135.  Exhibit C attached to the Proof of Claim states that the total claim includes property
inspection fees in the aggregate amount of $174.75, consisting of multiple debits in various
amounts.

136.  However, there are no documents attached to the Proof of Claim supporting such fees and
charges or expenses, or confirming by date what charges might be prepetition or
postpetition.

137. In addition, the attachments to the Proof of Claim fail to include all agreements between the claimants and the claimant's service provider(s) with whom these costs were allegedly incurred, the date(s) of payment, any time and expense or other records of the service provider(s) supporting these costs; further fails to identify if any compensation received has been shared and whether an agreement or understanding exists between the claimants and their service provider(s) and/or another other entity for the sharing of costs paid or to be paid, or compensation received or to be received; and further fails to identify if any costs charged were refunded in whole or in part.

138. Furthermore, there appears to be no justification for eighteen separate property inspection fees, as Plaintiffs have occupied the Debtors' Residence continuously and continue to do so, and there has been no cause for concern about failure to maintain the property.

139. As a result, the Plaintiffs allege that all such fees and charges are unreasonable per se.

140. Form 10 expressly requires a party filing a Proof of Claim to attach "redacted copies of any documents that support the claim."  To the extent that no documents are filed in support of the fees, expenses, charges or costs identified in this Count 8, the Proof of Claim fails to comply with the Bankruptcy Rules and the Rules of this Court; and all such fees, expenses, charges or costs are unreasonable per se and should be disallowed.

141. Plaintiffs believe and therefore allege that the actions of the Individual Defendant and the Creditor Defendants in failing properly to document the items identified in this Count 8 were willful, wanton, malicious, or undertaken with reckless disregard for the truth or for the Bankruptcy Rules or the Rules of this Court.

142. Plaintiffs have incurred damages in defending against the Proof of Claim, and otherwise with respect to the Proof of Claim.

143. Plaintiffs are entitled to recover their damages, punitive damages, sanctions, and reasonable attorney fees.

**COUNT 9 – UNDOCUMENTED VALUATION (BROKER PRICE OPINION) FEES.**

144. Plaintiffs incorporate each of the foregoing Paragraphs of this pleading as if fully rewritten herein.

145. Exhibit C attached to the Proof of Claim states that the total claim includes property valuation (BPO, or "Broker Price Opinion") fees in the aggregate amount of $1,086.00, consisting of multiple debits in various amounts.

146. However, there are no documents attached to the Proof of Claim supporting such fees and charges or expenses, or confirming by date what charges might be prepetition or postpetition.

147. In addition, the attachments to the Proof of Claim fail to include all agreements between the claimants and the claimant's service provider(s) with whom these costs were allegedly incurred, the date(s) of payment, any time and expense or other records of the service provider(s) supporting these costs; further fails to identify if any compensation received has been shared and whether an agreement or understanding exists between the claimants and their service provider(s) and/or another other entity for the sharing of costs paid or to be paid, or compensation received or to be received; and further fails to identify if any costs charged were refunded in whole or in part.

148. As a result, the Plaintiffs allege that all such fees and charges are unreasonable per se.

149. Form 10 expressly requires a party filing a Proof of Claim to attach "redacted copies of any documents that support the claim."  To the extent that no documents are filed in support of the fees, expenses, charges or costs identified in this Count 9, the Proof of Claim fails to comply with the Bankruptcy Rules and the Rules of this Court; and all such fees, expenses, charges or costs are unreasonable per se and should be disallowed.

150. Plaintiffs believe and therefore allege that the actions of the Individual Defendant and the Creditor Defendants in failing properly to document the items identified in this Count 9 were willful, wanton, malicious, or undertaken with reckless disregard for the truth or for the Bankruptcy Rules or the Rules of this Court.

151. Plaintiffs have incurred damages in defending against the Proof of Claim, and otherwise with respect to the Proof of Claim.

152. Plaintiffs are entitled to recover their damages, punitive damages, sanctions, and reasonable attorney fees.

**COUNT 10 – UNDOCUMENTED TITLE SEARCH FEES.**

153. Plaintiffs incorporate each of the foregoing Paragraphs of this pleading as if fully rewritten herein.

154. Exhibit C attached to the Proof of Claim states that the total claim includes title search fees in the aggregate amount of $755.00, consisting of two debits in differing amounts.

155. However, there are no documents attached to the Proof of Claim supporting such fees and charges or expenses, or confirming by date what charges might be prepetition or postpetition.

156. Furthermore, the claimed amount of such fees appears to be unreasonably high in comparison to the usual range of fees charged for title examinations in the Springfield, Ohio area.

157. In addition, the attachments to the Proof of Claim fail to include all agreements between the claimants and the claimant's service provider(s) with whom these costs were allegedly incurred, the date(s) of payment, any time and expense or other records of the service provider(s) supporting these costs; further fails to identify if any compensation received has been shared and whether an agreement or understanding exists between the claimants and their service provider(s) and/or another other entity for the sharing of costs paid or to be paid, or compensation received or to be received; and further fails to identify if any costs charged were refunded in whole or in part.

158. As a result, the Plaintiffs allege that all such fees and charges are unreasonable per se.

159. Form 10 expressly requires a party filing a Proof of Claim to attach "redacted copies of any documents that support the claim."  To the extent that no documents are filed in support of

the fees, expenses, charges or costs identified in this Count 10, the Proof of Claim fails to comply with the Bankruptcy Rules and the Rules of this Court; and all such fees, expenses, charges or costs are unreasonable per se and should be disallowed.

160. Plaintiffs believe and therefore allege that the actions of the Individual Defendant and the Creditor Defendants in failing properly to document the items identified in this Count 10 were willful, wanton, malicious, or undertaken with reckless disregard for the truth or for the Bankruptcy Rules or the Rules of this Court.

161. Plaintiffs have incurred damages in defending against the Proof of Claim, and otherwise with respect to the Proof of Claim.

162. Plaintiffs are entitled to recover their damages, punitive damages, sanctions, and reasonable attorney fees.

**COUNT 11 – UNDOCUMENTED "STIPULATION SETUP" CHARGES.**

163. Plaintiffs incorporate each of the foregoing Paragraphs of this pleading as if fully rewritten herein.

164. Exhibit C attached to the Proof of Claim states that the total claim includes so-called "Stipulation Setup" charges in the aggregate amount of $357.54, consisting of two debits in differing amounts.

165. However, there are no documents attached to the Proof of Claim supporting such fees and charges or expenses, or confirming by date what charges might be prepetition or postpetition.

166. Furthermore, the Proof of Claim includes no documentation describing what these charges are, or explaining their propriety.

167. In addition, the attachments to the Proof of Claim fail to include all agreements between the claimants and the claimant's service provider(s) with whom these costs were allegedly incurred, the date(s) of payment, any time and expense or other records of the service provider(s) supporting these costs; further fails to identify if any compensation received has

been shared and whether an agreement or understanding exists between the claimants and their service provider(s) and/or another other entity for the sharing of costs paid or to be paid, or compensation received or to be received; and further fails to identify if any costs charged were refunded in whole or in part.

168.  As a result, the Plaintiffs allege that all such fees and charges are unreasonable per se.

169.  Form 10 expressly requires a party filing a Proof of Claim to attach "redacted copies of any documents that support the claim."  To the extent that no documents are filed in support of the fees, expenses, charges or costs identified in this Count 11, the Proof of Claim fails to comply with the Bankruptcy Rules and the Rules of this Court; and all such fees, expenses, charges or costs are unreasonable per se and should be disallowed.

170.  Plaintiffs believe and therefore allege that the actions of the Individual Defendant and the Creditor Defendants in failing properly to document the items identified in this Count 11 were willful, wanton, malicious, or undertaken with reckless disregard for the truth or for the Bankruptcy Rules or the Rules of this Court.

171.  Plaintiffs have incurred damages in defending against the Proof of Claim, and otherwise with respect to the Proof of Claim.

172.  Plaintiffs are entitled to recover their damages, punitive damages, sanctions, and reasonable attorney fees.

**COUNT 12 – UNDOCUMENTED MAINTENANCE FEE.**

173.  Plaintiffs incorporate each of the foregoing Paragraphs of this pleading as if fully rewritten herein.

174.  Exhibit C attached to the Proof of Claim states that the total claim includes a single debit for a maintenance fee in the amount of $10.50.

175.  However, there are no documents attached to the Proof of Claim supporting such fees and charges or expenses, or confirming by date what charges might be prepetition or postpetition.

176. Furthermore, there appears to be no justification for charging maintenance fees, as Plaintiffs have occupied the Debtors' Residence continuously and continue to do so, and there has been no reason for anyone else to incur expenses to maintain the property.

177. In addition, the attachments to the Proof of Claim fail to include all agreements between the claimants and the claimant's service provider(s) with whom these costs were allegedly incurred, the date(s) of payment, any time and expense or other records of the service provider(s) supporting these costs; further fails to identify if any compensation received has been shared and whether an agreement or understanding exists between the claimants and their service provider(s) and/or another other entity for the sharing of costs paid or to be paid, or compensation received or to be received; and further fails to identify if any costs charged were refunded in whole or in part.

178. As a result, the Plaintiffs allege that all such fees and charges are unreasonable per se.

179. Form 10 expressly requires a party filing a Proof of Claim to attach "redacted copies of any documents that support the claim." To the extent that no documents are filed in support of the fees, expenses, charges or costs identified in this Count 12, the Proof of Claim fails to comply with the Bankruptcy Rules and the Rules of this Court; and all such fees, expenses, charges or costs are unreasonable per se and should be disallowed.

180. Plaintiffs believe and therefore allege that the actions of the Individual Defendant and the Creditor Defendants in failing properly to document the items identified in this Count 12 were willful, wanton, malicious, or undertaken with reckless disregard for the truth or for the Bankruptcy Rules or the Rules of this Court.

181. Plaintiffs have incurred damages in defending against the Proof of Claim, and otherwise with respect to the Proof of Claim.

182. Plaintiffs are entitled to recover their damages, punitive damages, sanctions, and reasonable attorney fees.

**COUNT 13 – UNDOCUMENTED "PRIOR PAYMENT SHORTAGE" CHARGES.**

183. Plaintiffs incorporate each of the foregoing Paragraphs of this pleading as if fully rewritten herein.

184. Exhibit C attached to the Proof of Claim states that the total claim includes so-called "Prior Payment Shortage" charges in the aggregate amount of $24.69, consisting of two debits in differing amounts.

185. However, there are no documents attached to the Proof of Claim supporting such fees and charges or expenses, or confirming by date what charges might be prepetition or postpetition.

186. Neither is there a loan history attached, from which the existence and amount of any such shortages could be calculated.

187. As a result, the Plaintiffs allege that all such fees and charges are unreasonable per se.

188. Form 10 expressly requires a party filing a Proof of Claim to attach "redacted copies of any documents that support the claim."  To the extent that no documents are filed in support of the fees, expenses, charges or costs identified in this Count 13, the Proof of Claim fails to comply with the Bankruptcy Rules and the Rules of this Court; and all such fees, expenses, charges or costs are unreasonable per se and should be disallowed.

189. Plaintiffs believe and therefore allege that the actions of the Individual Defendant and the Creditor Defendants in failing properly to document the items identified in this Count 13 were willful, wanton, malicious, or undertaken with reckless disregard for the truth or for the Bankruptcy Rules or the Rules of this Court.

190. Plaintiffs have incurred damages in defending against the Proof of Claim, and otherwise with respect to the Proof of Claim.

191. Plaintiffs are entitled to recover their damages, punitive damages, sanctions, and reasonable attorney fees.

**COUNT 14 – UNDOCUMENTED CERTIFIED MAIL CHARGES.**

192. Plaintiffs incorporate each of the foregoing Paragraphs of this pleading as if fully rewritten herein.

193. Exhibit C attached to the Proof of Claim states that the total claim includes certified mail charges in the aggregate amount of $14.55, consisting of three debits in various amounts.

194. However, there are no documents attached to the Proof of Claim supporting such fees and charges or expenses, or confirming by date what charges might be prepetition or postpetition.

195. Furthermore, the Proof of Claim includes no documentation describing the purpose and propriety of these charges.

196. As a result, the Plaintiffs allege that all such fees and charges are unreasonable per se.

197. Form 10 expressly requires a party filing a Proof of Claim to attach "redacted copies of any documents that support the claim."  To the extent that no documents are filed in support of the fees, expenses, charges or costs identified in this Count 14, the Proof of Claim fails to comply with the Bankruptcy Rules and the Rules of this Court; and all such fees, expenses, charges or costs are unreasonable per se and should be disallowed.

198. Plaintiffs believe and therefore allege that the actions of the Individual Defendant and the Creditor Defendants in failing properly to document the items identified in this Count 14 were willful, wanton, malicious, or undertaken with reckless disregard for the truth or for the Bankruptcy Rules or the Rules of this Court.

199. Plaintiffs have incurred damages in defending against the Proof of Claim, and otherwise with respect to the Proof of Claim.

200. Plaintiffs are entitled to recover their damages, punitive damages, sanctions, and reasonable attorney fees.

**COUNT 15 – UNDOCUMENTED "CASH FOR KEYS" CHARGE.**

201.  Plaintiffs incorporate each of the foregoing Paragraphs of this pleading as if fully rewritten herein.

202.  Exhibit C attached to the Proof of Claim states that the total claim includes a so-called "Cash for Keys" charge in the amount of $7.75.

203.  However, there are no documents attached to the Proof of Claim supporting such fees and charges or expenses, or confirming by date whether it might be prepetition or postpetition.

204.  Furthermore, the Proof of Claim includes no documentation describing what this charge is, or explaining its propriety.  Plaintiffs believe and therefore allege that a "cash for keys" charge is a payment by lender to a homeowner in exchange for voluntarily vacating the home in an agreed condition at an agreed time.  Plaintiffs did not and do not intend, however, to vacate the Debtors' Residence.

205.  There consequently appears to be no justification for a "cash for keys" expense, as Plaintiffs have occupied the Debtors' Residence continuously and continue to do so.

206.  As a result, the Plaintiffs allege that all such fees and charges are unreasonable per se.

207.  Form 10 expressly requires a party filing a Proof of Claim to attach "redacted copies of any documents that support the claim."  To the extent that no documents are filed in support of the fees, expenses, charges or costs identified in this Count 15, the Proof of Claim fails to comply with the Bankruptcy Rules and the Rules of this Court; and all such fees, expenses, charges or costs are unreasonable per se and should be disallowed.

208.  Plaintiffs believe and therefore allege that the actions of the Individual Defendant and the Creditor Defendants in failing properly to document the items identified in this Count 15 were willful, wanton, malicious, or undertaken with reckless disregard for the truth or for the Bankruptcy Rules or the Rules of this Court.

209.  Plaintiffs have incurred damages in defending against the Proof of Claim, and otherwise with respect to the Proof of Claim.

210. Plaintiffs are entitled to recover their damages, punitive damages, sanctions, and reasonable attorney fees.

**COUNT 16 – UNDOCUMENTED LATE CHARGES.**

211. Plaintiffs incorporate each of the foregoing Paragraphs of this pleading as if fully rewritten herein.

212. Exhibit B attached to the Proof of Claim states that the total claim includes late charges in the aggregate amount of $3,266.92.

213. However, there are no documents attached to the Proof of Claim supporting such late charges, or confirming by date what charges might be prepetition or postpetition.  There is no life-of-loan history showing all debits and credits, from which the propriety of any late charge could be determined.

214. As a result, the Plaintiffs allege that all such fees and charges are unreasonable per se.

215. Form 10 expressly requires a party filing a Proof of Claim to attach "redacted copies of any documents that support the claim."  To the extent that no documents are filed in support of the fees, expenses, charges or costs identified in this Count 16, the Proof of Claim fails to comply with the Bankruptcy Rules and the Rules of this Court; and all such fees, expenses, charges or costs are unreasonable per se and should be disallowed.

216. Plaintiffs believe and therefore allege that the actions of the Individual Defendant and the Creditor Defendants in failing properly to document the items identified in this Count 16 were willful, wanton, malicious, or undertaken with reckless disregard for the truth or for the Bankruptcy Rules or the Rules of this Court.

217. Plaintiffs have incurred damages in defending against the Proof of Claim, and otherwise with respect to the Proof of Claim.

218. Plaintiffs are entitled to recover their damages, punitive damages, sanctions, and reasonable attorney fees.

**COUNT 17 – UNDOCUMENTED ESCROW ADVANCES.**

219. Plaintiffs incorporate each of the foregoing Paragraphs of this pleading as if fully rewritten herein.

220. Exhibit B attached to the Proof of Claim states that the total claim includes escrow advances in the aggregate amount of $8,804.64.

221. However, there are no documents attached to the Proof of Claim supporting such escrow advances, or confirming by date what charges might be prepetition or postpetition.  There is no life-of-loan history showing all debits and credits, from which the existence and propriety of any escrow advance could be determined.

222. As a result, the Plaintiffs allege that all such fees and charges are unreasonable per se.

223. Form 10 expressly requires a party filing a Proof of Claim to attach "redacted copies of any documents that support the claim."  To the extent that no documents are filed in support of the fees, expenses, charges or costs identified in this Count 17, the Proof of Claim fails to comply with the Bankruptcy Rules and the Rules of this Court; and all such fees, expenses, charges or costs are unreasonable per se and should be disallowed.

224. Plaintiffs believe and therefore allege that the actions of the Individual Defendant and the Creditor Defendants in failing properly to document the items identified in this Count 17 were willful, wanton, malicious, or undertaken with reckless disregard for the truth or for the Bankruptcy Rules or the Rules of this Court.

225. Plaintiffs have incurred damages in defending against the Proof of Claim, and otherwise with respect to the Proof of Claim.

226. Plaintiffs are entitled to recover their damages, punitive damages, sanctions, and reasonable attorney fees.

**COUNT 18 – INCORRECT COMPUTATIONS AND LACK OF LOAN HISTORY.**

227. Plaintiffs incorporate each of the foregoing Paragraphs of this pleading as if fully rewritten herein.

228. Both as a result of and independently of the matters alleged in Paragraphs 1 through 226 above, Plaintiffs believe and therefore allege that the mathematical computations on the Proof of Claim are incorrect and do not represent any amount that may be due from Plaintiffs on any obligation concerning Debtors' Residence, and that the documentation to substantiate or confirm such calculations (specifically, and without limitation, a life-of-loan history) is not attached to the Proof of Claim.

229. Form 10 expressly requires a party filing a Proof of Claim to attach "redacted copies of any documents that support the claim." To the extent the Proof of Claim does not include a complete loan history, with explanatory codes and comments sufficient to allow the Court and Plaintiffs independently to confirm calculation of the amount the Purported Creditor claims and the line items included in that calculation, and all other documents necessary to support and substantiate the fees, expenses, charges or costs included in such calculation, the Plaintiffs allege that the Proof of Claim is fatally defective and that the claim represented thereby must be disallowed and rejected.

230. Plaintiffs believe and therefore allege that the actions of the Individual Defendant and the Creditor Defendants in failing to attach a life-of-loan history with appropriate explanatory codes and calculations were willful, wanton, malicious, or undertaken with reckless disregard for the truth or for the Bankruptcy Rules or the Rules of this Court.

231. Plaintiffs have incurred damages in defending against the Proof of Claim, and otherwise with respect to the Proof of Claim.

232. Plaintiffs are entitled to recover their damages, punitive damages, sanctions, and reasonable attorney fees.

**COUNT 19 – LACK OF STANDING OF PURPORTED CREDITOR.**

233. Plaintiffs incorporate each of the foregoing Paragraphs of this pleading as if fully rewritten herein.

234. As more fully set forth above, the sworn Proof of Claim alleges that the Purported Creditor is the holder and owner of a mortgage note secured upon the Debtors' Residence by a particular mortgage, and that the Purported Creditor is the real party in interest with respect to that mortgage obligation

235. As more fully set forth above, the sworn Proof of Claim fails to attach any documentation in support of the standing of the Purported Creditor, OCWEN, or the Individual Defendant to sign and file the Proof of Claim or to enforce any such mortgage loan obligation against Plaintiffs.

236. Plaintiffs believe and therefore allege that the actions of the Individual Defendant and the Creditor Defendants in failing to establish standing were willful, wanton, malicious, or undertaken with reckless disregard for the truth or for the Bankruptcy Rules or the Rules of this Court.

237. Plaintiffs have incurred damages in defending against the Proof of Claim, and otherwise with respect to the Proof of Claim.

238. Plaintiffs are entitled to recover their damages, punitive damages, sanctions, and reasonable attorney fees.

**COUNT 20 – VIOLATION OF THE GRAMM-LEACH-BLILEY ACT, 15 U.S.C. SUBCHAPTER I, §§6801-6809.**

239. Plaintiffs incorporate each of the foregoing Paragraphs of this pleading as if fully rewritten herein.

240. The Gramm-Leach-Bliley Act was designed to prohibit the disclosure of nonpublic personal information finding that it is the 'policy of Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to

protect the security and confidentiality of those customers nonpublic personal information'.
15 U.S.C. §6801.

241. A financial institution means any institution the business of which is engaging in financial
activities. 15 U.S.C. §1609(3)(A).

242. The Creditor Defendants, and each of them, is/are in the business of engaging in financial
activities by making loans to consumers or servicing consumer loans.

243. The Creditor Defendants failed to provide any opt out provision as required by 15 U.S.C.
§6802.

244. The Creditor Defendants have disclosed nonpublic personal information by failing to redact
Plaintiffs' alleged loan account numbers from the face of the Proof of Claim and from
Exhibit C thereto, and from the partial copies of the promissory note and mortgage
instruments attached thereto.  OCWEN and/or the Purported Lender thereby released
Plaintiffs' nonpublic personal information in a public records forum.

245. As a result of the Creditor Defendants' direct violation of the Gramm-Leach-Bliley Act,
Plaintiffs have incurred damages in defending against the Proof of Claim, and otherwise
with respect to the Proof of Claim, and have otherwise suffered damages in an amount to be
proven at trial.

246. Plaintiffs are entitled to recover their damages, punitive damages, sanctions, and reasonable
attorney fees.

247. Plaintiffs are entitled to have the Proof of Claim sealed, or to other appropriate relief to
prevent further disclosure of their nonpublic personal information.

**COUNT 21 – VIOLATION OF REDACTION REQUIREMENTS OF BANKRUPTCY RULES**.

248. Plaintiffs incorporate each of the foregoing Paragraphs of this pleading as if fully rewritten
herein.

249. Rule 9037(a) of the Federal Rules of Bankruptcy Procedure requires, among other things, redaction of all but the last four digits of financial account numbers.

250. None of the redaction requirement exemptions listed in Rule 9037(b)-(g) appear to apply in this case.

251. The Creditor Defendants have consequently violated the redaction requirements of Rule 9037(a).

252. As a result of this violation of Rule 9037(a) by the Creditor Defendants, Plaintiffs have incurred damages in defending against the Proof of Claim, and otherwise with respect to the Proof of Claim, and have otherwise suffered damages in an amount to be proven at trial.

253. Plaintiffs are entitled to recover their damages, punitive damages, sanctions, and reasonable attorney fees.

254. Plaintiffs are entitled to have the Proof of Claim sealed, or to other appropriate relief to prevent further disclosure of their nonpublic personal information.

**COUNT 22 – INVASION OF PRIVACY.**

255. Plaintiffs incorporate each of the foregoing Paragraphs of this pleading as if fully rewritten herein.

256. One who gives publicity to a matter concerning the private life of another is subject to liability to the other for invasion of privacy, if the matter publicized is of a kind that (a) would be highly offensive to a reasonable person and (b) is not of a legitimate concern to the public.

257. Congress takes the issue of publication of nonpublic information seriously, through the Gramm-Leach-Bliley Act, when personal information is breached into the public record.

258. The Federal Bankruptcy Courts also take the issue of publication of nonpublic information seriously, as evidenced by Rule 9037.

259. Social Security numbers, birthdates, employment histories, financial account numbers, and other such nonpublic personal information are of no legitimate use to and are not a legitimate concern of the general public.

260. Disclosure of Social Security numbers, birthdates, employment histories, financial account numbers, and other such nonpublic personal information to the general public creates a real and tangible risk of identity theft and irreparable financial, emotional, and other damage to the person whose identity is so disclosed.

261. The Creditor Defendants intentionally and/or willfully and wantonly, and/or recklessly and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of Plaintiffs, by disclosing Plaintiffs' personal nonpublic information.

262. By disclosing Plaintiffs' personal nonpublic information to the general public, the Creditor Defendants exposed Plaintiffs to a risk of identity theft that may be life-long.

263. The Creditor Defendants intentionally and/or willfully and wantonly, and/or recklessly and/or negligently caused harm to Plaintiffs' emotional well being by engaging in this highly offensive conduct thereby invading and intruding upon Plaintiffs' right to privacy.

264. As a result of the Creditor Defendants' invasion of Plaintiffs' privacy in this way, Plaintiffs have suffered damages and injury in an amount to be proven at the time of trial.

**COUNT 23 – VIOLATION OF DISCHARGE ORDER IN CASE NO. 3:03-bk-36399.**

265. Plaintiffs incorporate each of the foregoing Paragraphs of this pleading as if fully rewritten herein.

266. Plaintiffs filed for relief under Chapter 7 on July 23, 2003 in Case No. 3:03-bk-36399 in this Court (the "Former Bankruptcy"), and were granted a discharge by a discharge order entered on November 9, 2003 (the "Former Discharge Order").

267. The mortgage loan evidenced by the promissory note and mortgage, fragments of which are attached to the Proof of Claim, was a listed debt in the Former Bankruptcy; and some or all

of the Creditor Defendants and/or their predecessors in interest were listed as creditors or were parties to the Former Bankruptcy or had notice thereof and of the Former Discharge Order.

268. Notwithstanding the Former Discharge Order, the Creditor Defendants continued to seek to collect the mortgage loan alleged in the Proof of Claim, as the personal obligation of Mr. Couch.

269. In thus seeking collection, OCWEN represented itself to Plaintiffs as the owner and holder of that mortgage loan obligation.

270. The Proof of Claim constitutes a continuation of this effort to collect that mortgage loan as the personal obligation of Mr. Couch, in violation of the Former Discharge Order.

271. Mr. Couch is entitled to damages, punitive damages, and attorney fees for any such violation of the Former Discharge Order.

**COUNT 24 – VIOLATION OF FAIR CREDIT REPORTING ACT.**

272. Plaintiffs incorporate each of the foregoing Paragraphs of this pleading as if fully rewritten herein.

273. Plaintiffs believe and therefore allege that after the date of the Former Discharge Order some or all of the Creditor Defendants have from time to time reported that discharged mortgage loan obligation to Experian, Equifax, Trans Union, and/or other credit reporting agencies as having a balance that is incorrect.

274. The Plaintiffs further allege that upon receipt of the Former Discharge Order the Creditor Defendants were under a statutory duty to correct and update previously reported information determined to be incomplete or inaccurate, and to report as disputed any information known to be disputed by the Plaintiffs.

275. Plaintiffs aver that they also filed multiple disputes both with some or all of the Creditor Defendants, and also with Experian, Equifax, Trans Union; but that the Creditor Defendants have continued to report the mortgage loan incorrectly.

276. Plaintiffs further allege that the receipt of the Former Discharge Order constituted notice pursuant to Section 1681i(a)(2) of Title 15 of the United States Code (the Fair Credit Reporting Act, or "FCRA") that all debts previously reported as owed were no longer accurate and should be thereafter reported as having a zero balance.

277. Plaintiffs believe and therefore allege that some or all of the Creditor Defendants have from time to time reported that discharged mortgage loan obligation to Experian, Equifax, Trans Union, and/or other credit reporting agencies as other than having a zero balance.

278. Plaintiffs aver that as a result of the unlawful actions of some or all of the Creditor Defendants as alleged herein they have been required to devote countless and unnecessary hours to seek to correct the erroneous information on their consumer credit report.

279. Plaintiffs also aver that they have constantly worried about this situation and have feared that the Creditor Defendants had some improper motive for the improper credit reporting.

280. Plaintiffs allege that as a result of the willful and intentional violations of this statute they are entitled to the recovery of actual damages, statutory damages, punitive damages, costs and legal fees.

**<u>COUNT 25 – BREACH OF CONTRACT</u>.**

281. Plaintiffs incorporate each of the foregoing Paragraphs of this pleading as if fully rewritten herein.

282. The Creditor Defendants claim to be holders of the Purported Note and Purported Mortgage, entitled to the benefits thereof and to enforce the same.

283. At the insistence of OCWEN, Plaintiffs have since the date of the Former Discharge Order paid to the OCWEN for the Creditor Defendants approximately $58,800.00, exclusive of Plan payments in the current Chapter 13 case.

284. If the Creditor Defendants are indeed holders of the Purported Note and Purported Mortgage, the Creditor Defendants have breached the contract embodied in the Purported

Note and Purported Mortgage by failing to apply payments in accordance with the contract terms of the Purported Note and Purported Mortgage.

285. The Creditor Defendants have contracted for forced place insurance on the Debtors' Residence during periods when the Plaintiffs/Debtors maintained insurance coverage on that property.

286. If the Creditor Defendants are indeed holders of the Purported Note and Purported Mortgage, the Creditor Defendants have breached the contract embodied in the Purported Note and Purported Mortgage by improperly maintaining such forced place insurance, thereby also failing to apply payments in accordance with the contract terms of the Purported Note and Purported Mortgage.

287. Attached hereto as Exhibit A and incorporated herein is a copy of a current real property tax statement recently received by Plaintiffs, which shows a payment delinquency in the amount of $1,885.54.

288. If the Creditor Defendants are indeed holders of the Purported Note and Purported Mortgage, the Creditor Defendants have breached the contract embodied in the Purported Note and Purported Mortgage by failing to pay or advance payment for such real property taxes, as required by the escrow agreement that is part of the contract terms of the Purported Note and Purported Mortgage.

289. If the Creditor Defendants are indeed holders of the Purported Note and Purported Mortgage, the Creditor Defendants have breached the contract embodied in the Purported Note and Purported Mortgage by assessing fees and charges other than in accordance with the contract terms of the Purported Note and Purported Mortgage.

290. Plaintiffs believe and therefore allege that, because of the persistent, repeated and long-standing acts of the Creditor Defendants in breach of the contract embodied in the Purported Note and Purported Mortgage, that such breach of contract was willful or the result of gross negligence and reckless disregard for the contract rights of Plaintiffs.

291. Plaintiffs allege that as a result of such willful and intentional, or grossly negligent and reckless, breach of contract they are entitled to the recovery of actual damages, punitive damages, costs and legal fees.

**COUNT 26 – THEFT, CONVERSION AND UNJUST ENRICHMENT.**

292. Plaintiffs incorporate each of the foregoing Paragraphs of this pleading as if fully rewritten herein.

293. By virtue of the acts alleged above, the Creditor Defendants have willfully and wrongfully converted the property of Plaintiffs to their own benefit.

294. By virtue of the acts alleged above, the Creditor Defendants have committed theft of the property of Plaintiffs.

295. By virtue of the acts alleged above, and in particular the willful acts, the Creditor Defendants have been unjustly enriched.

296. Plaintiffs allege that as a result of such willful and intentional, or grossly negligent and reckless, breach of contract they are entitled to the recovery of actual damages, punitive damages, costs and legal fees.

297. Plaintiffs allege that as a result of such theft, conversion or unjust enrichment they are entitled to the recovery of actual damages, punitive damages, costs and legal fees.

**COUNT 27 – VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT.**

298. Plaintiffs incorporate each of the foregoing Paragraphs of this pleading as if fully rewritten herein.

299. The actions and conduct of the Creditor Defendants alleged above constitute unfair and deceptive acts and practices in violation of the provisions of Fair Debt Collection Practices Act.

300. Plaintiffs specifically allege that the unfair acts and practices of the Defendants arose out of their willful failure to amend, modify and correct the erroneous reporting of credit

information months and years after entry of the Former Discharge Order and out of their breach of the affirmative duty to report a zero balance owed on the Plaintiffs' account.

301. Plaintiffs also allege that by re-reporting a balance owed on the discharged trade line to the consumer credit reporting agencies the Defendants violated Section 1692 e(8) of the Fair Debt Collection Practices Act by transmitting false information about the status of the debt.

302. Plaintiffs also allege that in communicating the false information to the consumer credit bureaus as alleged herein the Defendants failed to indicate that the debt was disputed in violation of 1692 e(8) of the Fair Debt Collection Practices Act.

303. Plaintiffs also allege that the various efforts of the Creditor Defendants to seek to collect the Purported Note as a personal debt of Mr. Couch notwithstanding the Former Discharge Order are separate violations of the Fair Debt Collection Practices Act.

304. Plaintiffs also allege that the multiple failures of the Creditor Defendants properly to assess charges and credit payments in accordance with the contract terms of the Purported Note and Purported Mortgage are separate violations of the Fair Debt Collection Practices Act.

305. Plaintiffs allege that in foreclosure Case No. 07-CV-1506 in the Common Pleas Court of Clark County, Ohio, counsel for the Creditor Defendants attached to the Complaint a Fair Debt Collection Practices Act notice that, among other things, required Plaintiffs (the defendants in that state court case) to make any dispute of the collection claim in writing; and that this statement requiring a written dispute was also a violation of the Fair Debt Collection Practices Act.

306. Plaintiffs allege that the actions of the Defendants were intentional and designed to coerce the Plaintiffs into paying a debt that had been discharged in bankruptcy and/or to pay a debt not owed to them and/or to pay more than what may have been legitimately due.

307. As a result of the unfair acts and deceptive practices of the Defendants, the Plaintiffs are entitled to the recovery of actual damages, statutory damages, legal fees, costs and expenses.

**COUNT 28 –TILA VIOLATIONS**

308. Plaintiffs incorporate each of the foregoing Paragraphs of this pleading as if fully rewritten herein.

309. BNC failed to provide Plaintiffs with the required ARM notices and the Charm Booklet explaining the variable rate terms of the Loan as required by 15 U.S.C. §1637a(a)(2) and §1638(b)(2) as implemented by Regulation Z, 12 CFR §226.19(b)(1) at any time after Plaintiffs completed their initial loan application which is a material violation non-disclosure violation of 15 U.S.C. §1602(u).

310. PAMI  either directly or through its agent Ocwen is liable for the material ARM non-disclosure TILA violations as the purported assignee and owner of the Mortgage and Note had actual notice of the non-disclosure because of the absence of the ARM disclosures in the Loan files which due diligence would have revealed.

311. The TILA violation regarding the ARM disclosures are applicable to any purported assignee of the Loan including PAMI under the provision of 15 U.S.C. §1641(a).

312.  Based on the TILA material ARM non-disclosures and possibly other TILA violations based on, lack of clear disclosures or non-responses by Defendants, Plaintiffs are entitled to actual and statutory damages and attorney fees and costs under the provisions of 15 U.S.C. §1640(a)(1) and (3).

313. Based upon Ocwen's filing of the Proof of Claim for PAMI, Plaintiffs are entitled to offset and recoupment for the statutory damages for the TILA violations.

**COUNT 29 - GENERAL ALLEGATIONS AND CONCLUSION.**

314. Plaintiffs incorporate each of the foregoing Paragraphs of this pleading as if fully rewritten herein.

315. Plaintiffs allege that a party seeking to file a claim (such as the Proof of Claim) in any Federal Court "bears the burden of demonstrating standing and must plead its components with specificity." *Coyne v American Tobacco Company, 183 F.3d 488, 494 (6th Cir. 1999).*

The minimum constitutional requirements for standing are:  proof of injury in fact, causation, and redressability.  *Valley Forge Christian College v Americans United for Separation of Church & State, Inc., 454 U.S. 464, 473 (1982)*.  Furthermore, the Plaintiffs allege that in order to satisfy the requirements of Article III of the United States Constitution, any claimant asserting rights in a Federal Court must show that he has personally suffered some actual injury as a result of the conduct of the adverse party.  *Coyne, 183 F.3d at 494; Valley Forge, 454 U.S. at 472*.  There must be a case in controversy.

316. Plaintiffs allege that the Proof of Claim utterly fails to establish that any person or entity is a real party in interest with respect to any debt of Plaintiffs, much less with respect to any mortgage loan obligation concerning Debtors' Residence.

317. Plaintiffs therefore allege upon information and belief that none of the Creditor Defendants in this case holds a perfected and secured claim in the Debtors' Residence or in other property of this estate in bankruptcy, and that all of the Creditor Defendants are estopped and precluded from asserting any secured or unsecured claim against this estate.

318. Plaintiffs allege that the Chapter 13 Trustee may have or claim an interest in the Debtors' Residence, or a portion of the value thereof, as an asset of the bankruptcy estate of the Debtors in this case.

319. Plaintiffs allege that the Clark County Treasurer may have or claim an interest in the Debtors' Residence, or a portion of the value thereof, by virtue of the statutory lien of real property taxes, and by virtue of any such taxes that are delinquent in payment.

320. Plaintiffs reserve the right to amend this Adversary Complaint to take into account matters disclosed by discovery or in the course of this litigation or the base case.

WHEREFORE, as a result of the foregoing allegations, the Plaintiffs respectfully pray the Court for the following relief:

a. For a declaration and order that the Purported Creditor has no enforceable secured or unsecured claim against Debtors' Residence or against any other property of the Debtors' estate in bankruptcy;

b. For a declaration and order that OCWEN has no enforceable secured or unsecured claim against Debtors' Residence or against any other property of the Debtors' estate in bankruptcy;

c. For a declaration and order that the filing of further proofs of claim is time-barred and that consequently no other person or entity can assert an enforceable secured claim against Debtors' Residence in these bankruptcy proceedings;

d. For a declaration and order that the Proof of Claim is false, fraudulent, and otherwise unlawful;

e. For a declaration and order that the Proof of Claim includes unlawful and illegal proof of claim preparation and filing fees that have been declared improper by Administrative Orders and Decisions of this Court;

f. For a declaration and order that the Proof of Claim violates the Local Rules of this Court, Rule 3001 of the Bankruptcy Rules, and the Official Forms and instructions thereto (particularly Form 10) for lack of any supporting documentation;

g. For a declaration and order that the Proof of Claim includes illegal and unlawful postpetition fees and charges that have never been approved by this Court pursuant to Section 506(b) of the Bankruptcy Code and Rule 2016(a) of the Bankruptcy Rules;

h. For a declaration and order that the Proof of Claim attempts unlawfully to secure property of the estate and property from the estate in violation of Section 362(a)(3) of the Bankruptcy Code;

i.   In the alternative, for a declaration and order that any efforts of the Individual Defendant and/or the Creditor Defendants to assign and deliver postpetition any obligation relating to Debtors' Residence is an unlawful act in willful violation of Section 362(a)(4) of the Bankruptcy Code;

j.   For an order that the Proof of Claim and the claim of the Creditor Defendants represented thereby be avoided and stricken;

k.   If the Court determines that none of the Creditor Defendants have an enforceable interest in the Debtors' Residence, and that the mortgage lien alleged in the Proof of Claim shall be avoided, then for a determination of what interest, if any, the Chapter 13 Trustee may have in the portion of the value of Debtors' Residence not subject to the exemption claim of the Plaintiffs in said residential real estate;

l.   For an order granting the Debtors leave to amend their Chapter 13 Plan to account for and deal appropriately with any changed circumstances resulting from the determinations and rulings of this Court;

m.  That Plaintiffs have and recover actual damages in an amount to be determined by this Court;

n.   That Plaintiffs have and recover statutory damages  as well as reasonable legal fees and costs as provided for under the provisions of 15 U.S.C. §1640(a)(1) and (3) for TILA violations.

o.   That Plaintiffs have and recover statutory damages in an amount to be determined by this Court;

p.   That Plaintiffs have and recover punitive damages in an amount to be determined by this Court;

q.   That Plaintiffs have and recover their reasonable legal fees in an amount to be determined by this Court;

r.   That Plaintiffs recover all reasonable costs and expenses in this case in an amount to be determined by this Court; and

s.   That Plaintiffs have such other and further relief as the Court may deem just and proper.

Respectfully submitted,

*/s/ David R. Wiechel (Per telephone 6-24-10)*          */s/ Charles J. Roedersheimer*
David R. Wiechel  #0033928                    Charles J. Roedersheimer  #0020273
111 East Cecil Street                         Thompson & DeVeny Co., L.P.A.
Springfield, OH 45504-2217                    1340 Woodman Drive
Telephone:  937-322-2161                      Dayton, OH 45432
Fax:  646-253-7760                            Telephone:  937-252-2030
Alt. Fax:  937-322-9508                       Fax:  937-252-9425
Email:  dwiechel.bk@woh.rr.com                Email:  charles@thompsonanddeveny.com
Co-Counsel for Plaintiffs                     Co-Counsel for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2010, a copy of the foregoing Complaint was noticed to the following registered ECF participants, electronically through the court's ECF System or by U.S. Mail Postage Prepaid at the email address or postal address recorded with the Court.

By ECF:        Chapter 11 Trustee

               U.S. Trustee

               Martha R. Spaner, Attorney for Ocwen

               Gregory Stout, Attorney for Ocwen

By U.S. Mail:  Michael and Marilyn Couch, 152 Wineland Drive, New Carlisle, OH 45344